

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. E. D. Walker
Office of the Chancellor
University of Texas System
601 Colorado Street
Austin, Texas    78701

Opinion No. MW–576

Re:    Whether tuition income
generated by certain branches
of the University of Texas may
be retained locally

Dear Mr. Walker:

You ask the following question:

> may the tuition income generated at· The University of Texas Health Science Center at Dallas, The University of Texas Medical Branch at Galveston, The University of Texas Health Science Center at San Antonio be retained locally and accounted for annually as provided in the general appropriations act?

Several provisions of the Education Code are relevant to your question. Section 51.002(a) provides in part:

> The governing board of each institution listed in Section 51.001 of this code may retain control of the following sums of money collected at the institution, subject to Section 51.008 of this code.
>
> . . . .
>
> (9) all other fees and local institutional income of a strictly local nature arising out of and by virtue of the educational activities, research, or demonstrations carried on by the institution....

The University of Texas and its branches are subject to this provision. See Educ. Code §51.001. Section 51.008(b) provides in part:

p. 2128

> (b) The governing board of every state institution of higher education shall deposit in the state treasury all cash receipts accruing to any college or university under its control that may be derived from all sources except auxiliary enterprises, noninstructional services, agency and restricted funds, endowment funds, student loan funds, and Constitutional College Building Amendment funds.
>
> ....
>
> (e) This section prevails over Sections 51.001-51.007 of this code to the extent of any conflict.

Section 51.008(b) applies to "all cash receipts" with certain exceptions. Tuition is not one of those exceptions. According to the express statement found in subsection (e), section 51.008(b) prevails over contrary language found in section 51.002. Thus, section 51.008, taken in isolation, would require institutions of the University of Texas System to deposit tuition in the state treasury.

Section 54.004 of the Education Code, however, provides as follows:

> All tuition, local funds, and fees collected by an institution of higher education shall be retained and expended by the institution and accounted for annually as provided in the general appropriations act.

"Institution of higher education" is defined in a comprehensive way in section 61.003 of the Education Code. It includes any medical or dental unit. See Educ. Code §61.003(7). Section 54.004 thus appears to authorize medical and dental units to retain tuition and account for it as provided in the General Appropriations Act. The General Appropriations Act provides that the general academic teaching institutions must deposit in the state treasury certain cash receipts including tuition. Acts 1981, 67th Leg., ch. 875, art. 111, §10b. "General academic institutions" as defined in the appropriations act, do not include the medical and dental branches. Id., art. III, §4. Thus, if section 54.004 controls this question, the tuition is to be accounted for as provided in article III, section 10h; that is, tuition of the medical and dental branches would not need to be deposited in the state treasury but would be placed in local depositories. Cf. V.T.C.S. art. 4393c, §2. If, on the other hand, article 51.008 controls the question, such tuition would have to be deposited in the treasury.

In order to resolve the conflict between section 51.008 and 54.004, it is necessary to examine legislative history. The predecessor of section 54.004 was enacted in 1933 as section 2 of article 2654c, V.T.C.S.  Acts 1933, 43d Leg. ch. 196, at 596.  The predecessors of sections 51.001 through 51.007 were also enacted in 1933 as article 2654d, V.T.C.S.  Acts 1933, 43d Leg., ch. 221, at 746. The emergency clause of the bill provided as follows:

> The fact that under the present laws all the above institutions are withholding certain sums of money under a practice which has been established by them for a considerable period of time, and the fact that said institutions are scattered in various portions of the State and it would work a great hardship on said schools to place their moneys in the local funds in the State Treasury and the further fact that existing laws do not provide for security of deposits placed in local depositories, and the further fact that existing laws do not provide for any adequate system of accounting by which the Legislature and the people of the State may be apprized [sic] of the amounts on hand and being expended by said institutions, creates an emergency and an imperative public necessity requiring the suspension of the Constitutional Rule for the reading of bills on three several days in each House, and said Rule is hereby suspended, and this Act is made to take effect from and after passage, and it is so enacted.

Thus, the intent of both 1933 enactments was to permit the universities to maintain tuition and other funds outside of the treasury.

A statute enacted in 1951 was the predecessor of section 51.008 of the Education Code.  Acts 1951, 52d Leg., ch. 474, at 841.  The repealer clause of this bill read as follows:

> Sec. 5.  All laws or parts of laws in conflict herewith are hereby repealed to the extent of such conflict, except as herein provided in Section 2 of this Act.  Article 2654d of Vernon's Texas Civil Statutes is expressly repealed only insofar as it may conflict with the provisions of this Act.

Section 2 of the enactment preserved from repeal the State Depository Law.  It appears, however, that the 1951 enactment was intended to

repeal section 2 of then article 2654c, V.T.C.S., presently codified as section 54.004 of the Education Code. Although section 2654d, now codified as sections 51.001-51.007, is expressly mentioned, the express mention is designed only to make it clear that a limited repeal of article 2654d was intended.

Section 1 of article 2654c, V.T.C.S., was amended several times after 1951. See Acts 1953, 53d Leg. ch 351, at 866, Acts 1957, 55th Leg. ch. 435, at 1297, Acts 1961, 59th Leg., ch. 490, at 1003; Acts 1969, 61st Leg., ch. 46, at 134; Acts 1971, 62d Leg., ch. 511, at 1745. None of these amendments changed section 2 of article 2654c, V.T.C.S., nor was this section reprinted as part of the enacting legislation. However, in 1969 an amendment to article 2654c, V.T.C.S., added subsection (n) to that provision:

> (n) A Texas institution of higher education shall retain and spend all tuition, local funds, and fees collected and accounted for as provided in the General Appropriations Act.

Acts 1969, 61st Leg., ch. 46, at 134. Section 2 of article 2654c was not repealed. The 1971 codification of Title III of the Education Code codified section 1(n) and 2 of article 2654c, V.T.C.S., as section 54.004. See Acts 1971, 62d Leg., ch. 1024, at 3112. We believe the 1969 enactment of section (n) of article 2654c renacted a provision similar in substance to present section 54.004 of the Education Code. There has been no more recent amendment to section 51.008 of the Education Code. The 1971 codification of the Education Code was not intended to effect any substantive changes. Acts 1971, 62d Leg., ch. 1024, article 1, §2. Section 54.004, as the latest enacted provision, prevails over the conflicting portions of section 51.008. See V.T.C.S. 5429b-2, §3.05(a).

The University of Texas must therefore look to section 54.004 of the Education Code for the disposition of these funds. The university may retain them and account for them as provided by the general appropriations act. Since the appropriations act does not require the medical or dental branch or the San Antonio Health Science Center to deposit these funds in the state treasury, these institutions may retain them locally. They are to be accounted for in accordance with article III, section 10h of the General Appropriations Act. Acts 1981, 67th Leg., ch. 875, art. III, §10h.

### S U M M A R Y

Section 54.004 of the Education Code, read together with article III, sections 10b and 10h of the 1981 General Appropriations Act, authorizes the University of Texas Health Science Center at

Dallas, the University of Texas Medical Branch at Galveston, the University of Texas Health Science Center at Houston and the University of Texas Health Science Center at San Antonio to retain tuition locally rather than depositing it in the State Treasury to be accounted for as provided in the General Appropriations Act.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison &
Patricia Hinojosa
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Charles Black
Patricia Hinojosa
Jim Moellinger